UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID B. DURAN,<br><br>                           Petitioner,<br><br>v.<br><br>MR. CLIFFORD DAVIS, et al.,<br><br>                           Respondents. | Case No.: 24cv1625 BEN (AHG)<br><br>**ORDER DENYING SECOND MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 6] AS MOOT AND NOTIFYING PETITIONER OF OPTIONS TO AVOID DISMISSAL OF AMENDED PETITION** |

      On September 9, 2024, Petitioner, who indicated he is currently on parole arising from an Imperial County Superior Court judgment of conviction, proceeding pro se, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On September 17, 2024, the Court dismissed the case without prejudice for failure to satisfy the filing fee requirement, failure to name a proper Respondent and failure to allege exhaustion of state judicial remedies. (ECF No. 2.) On September 18, 2024, Petitioner filed a motion to proceed in forma pauperis. (ECF No. 3.) On September 20, 2024, the Court granted Petitioner's motion but reminded Petitioner that if he wished to re-open and proceed with this case, he must submit, no later than November 18, 2024, an Amended Petition that cured the deficiencies of pleading previously identified by the Court. (*See* ECF No. 4.) On October 16, 2024, Petitioner filed an Amended Petition and a second motion to proceed in forma pauperis. (ECF Nos. 5, 6.)

**DISCUSSION**

First, because Petitioner has already been granted in forma pauperis status (*see* ECF No. 4), the Court **DENIES** Petitioner's second motion to proceed in forma pauperis as moot.

Second, with respect to the Amended Petition itself, while Petitioner has now named a proper Respondent, it does not appear state court remedies have been exhausted as to either of the two enumerated claims in the Amended Petition. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) ("[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus.") "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," which in this case is the California Supreme Court, "or (2) he demonstrates that no state remedy remains available." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.")

Additionally, the claims presented in the federal courts must be the same as those exhausted in state court and a petitioner must also allege, in state court, how one or more of his federal rights have been violated. *See Picard*, 404 U.S. at 276 ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the same claim he urges upon the federal courts."); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are

asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.")

Here, Petitioner raises two enumerated grounds for relief in the Amended Petition and indicates that neither ground has been raised in the California Supreme Court.  (*See* ECF No. 5 at 6, 7.)  In response to the question on the habeas form inquiring why he did not file a petition, application or motion in the California Supreme Court containing the grounds raised in the federal Petition, Petitioner stated: "Because I believe the federal court has jurysdiction [sic], and supreme court will be my last step depending on the outcome of federal court."  (*Id.* at 5.)

In *Rose v. Lundy*, 455 U.S. 509 (1982), the United States Supreme Court held that a petition which did not contain only unexhausted claims is subject to dismissal because it violates the "total exhaustion rule" required in habeas petitions brought pursuant to § 2254, but that a petitioner must be permitted an opportunity to cure that defect prior to dismissal. *Id.* at 514-20.  Because the one-year statute of limitations imposed on section 2254 habeas petitions after *Lundy* was decided created a risk of a claim dismissed under *Lundy* becoming time-barred, the Supreme Court subsequently approved of a procedure by which a federal Petition could be stayed while a petitioner returned to state court to exhaust.  *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005); *see also Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines*.")  The Supreme Court has instructed "stay and abeyance should be available only in limited circumstances" and was appropriate where: (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the "unexhausted claims are potentially meritorious" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 277-78.

The Court now notifies Petitioner of his options to avoid a future dismissal for presenting a petition with only unexhausted claims, with a new deadline set forth below.

### i) First Option: Demonstrate Exhaustion

Petitioner may file papers in which he alleges he has exhausted the claim(s) in the Petition. If Petitioner chooses this option, these papers are due no later than **December 2, 2024**.

### ii) Second Option: Voluntarily Dismiss the Petition

Petitioner may move to voluntarily dismiss his entire federal petition and return to state court to exhaust the unexhausted claim(s). Petitioner may then file a new federal petition containing only exhausted claim(s).

Petitioner is cautioned that any new federal petition must be filed before expiration of the one-year statute of limitations. Ordinarily, a petitioner has one year from when his conviction became final to file his federal petition, unless he can show that statutory or equitable "tolling" applies. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); 28 U.S.C. § 2244(d).[1] The statute of limitations does not run while a properly filed state habeas

---

[1] 28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement

corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (holding that a state application for post-conviction relief which is ultimately dismissed as untimely was neither "properly filed" nor "pending" while it was under consideration by the state court, and therefore does not toll the statute of limitations), as amended 439 F.3d 993. However, absent some other basis for tolling, the statute of limitations continues to run while a federal habeas petition is pending. *Duncan*, 533 U.S. at 181-82.

If Petitioner chooses this second option, he must file a voluntary dismissal with this Court no later than **December 2, 2024**.

### iii) Third Option: File a Motion to Stay the Federal Proceedings

Petitioner may file a motion to stay this federal proceeding while he returns to state court to exhaust his unexhausted claim(s). If Petitioner wishes to use the *Rhines* procedure, he must demonstrate there are arguably meritorious claim(s) which he wishes to return to state court to exhaust, that he is diligently pursuing his state court remedies with respect to those claim(s), and that good cause exists for his failure to timely exhaust his state court remedies. *Rhines*, 544 U.S. at 277-78. If Petitioner chooses this third option, he must file a motion for a stay with this Court no later than **December 2, 2024**.

### CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Petitioner's second motion to proceed in forma pauperis [ECF No. 6] as moot and **NOTIFIES** Petitioner that his Amended Petition as currently drafted is subject to dismissal for failure to allege exhaustion of state

---

or claim is pending shall not be counted toward any period of limitation under this subsection.

court remedies. If Petitioner wishes to proceed with the instant habeas action, he must, no later than **December 2, 2024**, notify the Court which of the options outlined above he chooses. Petitioner is cautioned that if he fails to respond to this Order, the Amended Petition will be dismissed without prejudice. *See Rose*, 455 U.S. at 522.

**IT IS SO ORDERED.**

Dated: October 23, 2024

_____
Hon. Roger T. Benitez
United States District Judge